STEPHEN M. LOBBIN
sml@smlavvocati.com
SML AVVOCATI P.C.
969 Hilgard Ave., Suite 1012
Los Angeles, California 90024
(949) 636-1391 (Phone)

*Attorney(s) for Plaintiff Social Positioning Input Systems, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIAL POSITIONING INPUT SYSTEMS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>CLEARPATHGPS, INC.,<br><br>*Defendant*. | CASE NO. 2:21-cv-00519<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Pursuant to F.R.C.P. 15(a)(1)(B), Plaintiff Social Positioning Input Systems, LLC ("Plaintiff" or "SPIS") files this Complaint against ClearPathGPS, Inc. ("Defendant" or "ClearPathGPS") for infringement of United States Patent No. 9,261,365 (hereinafter "the '365 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with a virtual office located at 1801 NE 123 Street, Suite 314, Miami, FL 33181.

4. On information and belief, Defendant is a California corporation with its principal office located at 1129 State Street, Suite 3, Santa Barbara, CA 93101. On information and belief, Defendant may be served through its agent, R. Chris Koers, 125 East Victoria Street, Suite A, Santa Barbara CA 93101.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

**VENUE**

7. On information and belief, venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is deemed to be a resident of this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

# COUNT I
# (INFRINGEMENT OF UNITED STATES PATENT NO. 9,261,365)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '365 Patent with sole rights to enforce the '365 Patent and sue infringers.

11. A copy of the '365 Patent, titled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device," is attached hereto as Exhibit A.

12. The '365 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. The '365 Patent teaches a method and apparatus for entering, storing and sharing addresses for a positional information device.

14. The '365 Patent recognized problems associated with then-existing devices and methods for route guidance and address entry into mobile devices. For example, then-existing devices required manual entry of information. '365 Patent, 1:25-2:25. Also, different devices had different interfaces and accepted address information differently. *Id*. Also, then-existing systems would not allow a user to enter route information while driving. *Id*. Also, if a user had multiple vehicles all going to a location, the address information had to be entered multiple times. *Id*.

15. The claimed invention of the '365 Patent addressed these and other problems by providing systems and methods that, at least in some embodiments, include a requesting positional information device, a sending positional information device, and a server. '365 Patent, Summary, and Claim 1. The requesting positional information device makes a request to a server for an address stored in the sending positional information device. *Id*. The request includes a first identifier associated with the requesting positional information device. *Id*. The server obtains the address from the sending positional information device. *Id*. This involves the server determining a second identifier for the sending positional information device based on the first identifier. *Id*.

16. The present invention solves problems that existed with then-existing navigation systems associate with having address information loaded onto a positional information device (such as a GPS-equipped mobile phone). Problems arose due to a number of different factors including: (1) disparate navigational devices; (2) navigational devices that required preprogramming of address information; (3) the use of different vehicles by one or more users all going to the same address; and (4) users needing address information downloaded while driving. See, '365 Patent Specification, Background.

17. The systems embodied in the '365 Patent claims incorporate hardware and software components that operate in a way that was neither generic, nor well-known, at least at the time of the invention.

18. The '365 Patent solves problems with the art that are rooted in computer technology and that are associated with electronic transmission, loading, and storage of location information, as well as automatic provisioning of route guidance. The '365 Patent claims do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.

19. The improvements of the '365 Patent and the features recited in the claims in the '365 Patent provide improvements to conventional hardware and software systems and methods. The improvements render the claimed invention of the '365 Patent non-generic in view of conventional components.

20. The improvements of the '365 Patent and the features recitations in the claims of the '365 Patent are not those that would be well-understood, routine or conventional to one of ordinary skill in the art at the time of the invention.

21. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '365 Patent by making, using (at least by having its employees, or someone under Defendant's control, test the accused Product), importing, selling, and/or offering for sale associated hardware and software for asset locating services (e.g., ClearPathGPS fleet tracking platform, app, and/or associated hardware and/or software) ("Product") covered by at least Claim 1 of the '365 Patent. Defendant has infringed and continues to infringe the '365 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

22. The Product provides a vehicle tracking system for real-time GPS tracking of assets. A user can receive location information on a positional information device (e.g., mobile device or computer). Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source: https://www.clearpathgps.com/



Source: https://www.clearpathgps.com/

 

Source: https://www.clearpathgps.com/gps-trackers/
Source: https://play.google.com/store/apps/details?id=com.clearpathgps.android.production&hl=en&gl=US

23. The Product software sends a request from a first (requesting) positional information device (e.g., mobile device or desktop with software installed) to a server. The request is for the real-time location (e.g., stored address) of a vehicle or vehicles, and includes a first identifier of the requesting positional information device (e.g., user ID and password for the Product software used in the particular enterprise). The request is sent to the Product server for transmitting the vehicle location. The server receives the at least one address from a second (sending) positional information device at the vehicle. Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source:https://play.google.com/store/apps/details?id=com.clearpathgps.android.production&hl=en&g=US

Source: https://www.clearpathgps.com/

24.     The at least one address is received from the server at the requesting positional information device.  For example the Product's server transmits the position of an asset (at least one address) to the requesting positional information

device. Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.

 

Source: https://play.google.com/store/apps/details?id=com.clearpathgps.android.production&hl=en&gl=US

25. A second identifier for the second (sending) positional information device is determined based on the first identifier and the server retrieves the at least one address stored in the at least one sending positional information device. The Product application installed on the requesting positional information device requests (from the server) the vehicle's GPS location (i.e., at least one stored address stored). As shown above, before activating the tracker (i.e., the sending positional information device), a unique tracking device's ID number (i.e., second identifier) needs to be added to the user's account identified by the user login ID and password (i.e., the first identifier). Hence, the tracker device's ID number (i.e., second identifier) is mapped

to the user's login ID (i.e., the first identifier) for tracking the real-time location (i.e., at least one stored address stored) of the vehicle. Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source: https://www.clearpathgps.com/gps-trackers/



Source:https://play.google.com/store/apps/details?id=com.clearpathgps.android.production&hl=en&gl=US

26. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

27. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

28. Plaintiff is in compliance with 35 U.S.C. § 287.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 9,261,365 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: January 20, 2021   Respectfully submitted,

/s/ *Stephen M. Lobbin*
Stephen M. Lobbin
sml@smlavvocati.com
SML AVVOCATI P.C.
969 Hilgard Ave., Suite 1012
Los Angeles, California 90024
(949) 636-1391 (Phone)

**Attorney(s) for Plaintiff Social Positioning Input Systems, LLC**